# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES CHRISTOPHER KOPP,<br><br>Defendant. | No. CR99-0019<br><br>**ORDER FOR DETENTION** |

On the 6th day of October 2008, this matter came on for preliminary hearing and detention hearing. The government was represented by Assistant United States Attorney Stephanie Rose. Defendant James Kopp appeared personally and was represented by his attorney, Brian D. Johnson.

On September 25, 2008, Senior United States Probation Officer Matthew F. Warren presented Chief Judge Linda R. Reade with a Petition for Warrant, alleging that Defendant violated the terms of his supervised release and requesting that a warrant issue for his arrest. Chief Judge Reade ordered that a warrant issue and Defendant was subsequently arrested. At the preliminary hearing on October 6, 2008, the Court found probable cause to believe that Defendant violated the terms of his supervised release. A revocation hearing is scheduled before Chief Judge Reade on October 14, 2008 at 1:30 p.m. The issue before the Court is whether or not Defendant should be detained pending that hearing.

In determining whether a defendant should be released pending a hearing on an alleged violation of supervised release, "[t]he burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." *See* FED. R. CRIM. P. 46(d) and 32.1(a)(6). The judicial officer must order the person detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." *See* Rule 32.1(a)(6) and 18 U.S.C. § 3143(a)(1).

At the time of hearing, Jackson County Deputy Sheriff Steve Schroeder testified regarding an alleged assault which occurred at the Quarterdeck bar in Baldwin, Iowa on September 13, 2008. Chancy Streets told Deputy Schroeder that he saw Defendant and Levi Reynolds sitting at the bar talking. When Streets looked back, he saw both Defendant and Reynolds "fall to the ground." According to Streets, Defendant then backed up three steps and came forward and kicked Reynolds in the head.

According to other witnesses, Reynolds was unconscious for approximately five minutes and was then taken by private vehicle to the hospital in Maquoketa. Reynolds was diagnosed with head contusions and a head laceration, which required three staples.

Deputy Schroeder testified that he interviewed Reynolds on Monday, September 15, 2008. According to Deputy Schroeder, Reynolds "didn't remember a whole lot," but said he had been assaulted by "Jamie." After the deputy provided Defendant's last name, Reynolds confirmed that he believed the individual who assaulted him was Jamie Kopp. Reynolds told Deputy Schroeder that "things happen in a bar," however, and therefore he did not want to pursue criminal charges.

The Court concludes that Defendant failed to meet his burden of establishing that he would not pose a danger to the community if he were released pending the revocation hearing. FED. R. CRIM. P. 32.1(a)(6). The Court does not find clear and convincing evidence that Defendant would not pose a danger to the community if released pending the hearing. 18 U.S.C. § 3143(a)(1). Accordingly, the Court finds that Defendant should be detained pending a hearing.

## ORDER

IT IS THEREFORE ORDERED that Defendant shall be detained pending the revocation hearing before Chief Judge Linda R. Reade on October 14, 2008.

DATED this 6th day of October, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA